## ANN EVANS'S APPEAL FROM PROBATE.

A testator having no children and whose heirs at law were aliens, leaving real and personal estate, gave his widow " all the residue" of his estate after the payment of his debts, " for her sole use and benefit as long as she lives." Held to give her only a life estate.

It was not enough to change the construction of the will in this respect as to the real estate, that it had made no disposition of the fee.

Nor as to the personal estate, that the corpus of it was not disposed of.

The personal estate did not vest in her beneficially as executrix by reason of the next of kin being aliens.

Aliens can take personal estate by distribution.

A widow, under what she supposed to be good legal advice, and in ignorance of her rights, renounced the provision made for her by a will, under the statute (Gen. Statutes, p. 377, sec. 4,) allowing her to elect to take her dower instead, on giving notice within a time limited to the probate court; but afterwards, finding that she had been improperly advised, before any distribution of the estate had been made, but after the time for making her election had expired, applied to the probate court to be allowed to recall her former election' and to take under the will, which application the court denied. Held that the probate court had power to grant her application, and ought to have done so.

[Argued December 12, 1883—decided March 28, 1884.]

APPEAL from a decree of a court of probate, denying the application of the appellant, as widow of John Evans, deceased, to be allowed to withdraw her election to take her dower in the estate, instead of the provision made for her by the will, and for a distribution to her of the property given her by the will; taken to the Superior Court in New Haven County. Facts found and case reserved for advice.

*G. A. Fay*, for appellant.

*L. B. Morris*, for appellees.

PARDEE, J.　John Evans died on or about September 1st, 1882, without issue, his wife, the appellant, surviving. He left a will, the material part of which is as follows: "After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of to my beloved wife, Ann Evans, for her sole use and benefit as long as she lives;" naming her as executrix.

The will was proven in the probate court on September 16th, 1882; the appellant duly qualified as executrix. After settlement of her account there remained for distribution both real and personal estate. The next of kin to the testator are a brother and a nephew, subjects of and resident in Great Britain. He had no relatives resident in or subjects of the United States. The appellant was married to him in England in 1835, and they subsequently came to the United States; he was naturalized about thirty years since, and from that time to his death continued a citizen. She has a sister and a niece residing in and subjects of the United States. She was not endowed either before or during marriage by jointure or settlement. On September 25th, 1882, she gave a written notice to the probate court that she declined to accept the provisions of the will, and claimed in lieu thereof dower and all other rights to which by law she was entitled. On March 19th, 1883, she gave written notice to the court that she claimed under the will and under the statute of distribution, the use of the entire estate, real and personal, for life, and one-half of the personal estate absolutely; and asked the court to decree accordingly. The court denied her petition, ordered dower to be set to her in one-third of the real estate, and distribution of the personal estate according to law to the heirs at law of the testator, to wit, herself, his brother and nephew. She appealed; in effect, for the following reasons: That the next of kin to the testator are a brother and nephew, subjects of and residing in Great Britain; that by the will she takes the entire estate in fee; if not the whole in fee, then the use of the whole for life by the will, and by the statute of distributions one-half of the personalty absolutely; that she renounced the

provisions of the will upon incorrect advice; that the court of probate erred in not permitting her to retract the declination; that she was never lawfully put to her election; that she had never legally declined, and that the court erred in deciding that she had, and was therefore not entitled to any rights under the will. The case is reserved for the advice of this court.

The appellant asks for the entire estate in fee; or, failing that, the use for life with remainder to her heirs in fee; insisting that the expression "residue of my estate," without words of inheritance, passes a fee; and cases are cited in support of her claim. But we think they are inapplicable, for the reason that they turn upon the question whether in the particular instance the word "estate" included a specified piece of property; not upon a question as to the quantity of interest in it. In the case before us the testator has undoubtedly given to the appellant an interest in his entire estate; the question is as to the measure of that interest. To the words "I give, bequeath and dispose of the residue of my estate, real and personal, to my beloved wife," he has added words of qualification and limitation, namely, "for her sole use and benefit as long as she lives." These aptly and plainly define an use, an estate for life, and bar out any other or greater one.

It is said by Kent (4 Comm., 535,) that "it does not require the word 'heirs' to convey a fee; but other words denoting an intention to pass the whole interest of the testator, as a devise of 'all my estate,' 'all my interest,' 'all my property,' 'my whole remainder,' 'all I am worth or own,' 'all my right,' 'all my title,' or 'all I shall die possessed of,' and many other expressions of the like import, will carry an estate of inheritance, if there be nothing in the other parts of the will to limit or control the operation of the words. So, if an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation

of the power and prevent it from enlarging the estate to a fee."

We are reminded that the testator was childless and without relatives other than aliens; that probably he intended to make testamentary disposition of the fee of his estate; and that his intention should govern. But his clear expression in his will must stand as his intention. The intention must be found in the will; the will cannot be framed from intentions contrary to expressions.

It is furthermore the claim of the appellant that the devise of the use of personal property, without disposing of the *corpus*, is a devise of the property itself, and cases are cited in support of it. But we think in each of these the court found in the will under consideration words expressive of an intention to bequeath an absolute estate. The law permits the creation of a remainder in personal chattels, dependent on an estate for life, by grant or devise. *Langworthy* v. *Chadwick*, 13 Conn., 42. It was within the power of the testator to bequeath to the appellant the use for life of his personal estate, and to refrain from making any disposition of the fee, leaving its ultimate destination to the statute of distributions. All questions as to what interest is disposed of and what is not are to be referred for answer to his expressed intention.

Concerning the notice of September 25th, 1882, it is found that the appellant had been previously advised by the judge of probate that she was not entitled to a fee in either the real or personal property under the will, but only to a life use of both; that if she chose to decline the provisions of the will the statute would give her one-half of the personal property absolutely, and the use for life of one-third of the real estate; that she was not entitled to the provisions both of the will and the statute; and advised her to take other counsel, which she omitted to do, except as to the form of the notice. She filed it under the advice thus given. The statute required her to file her declination of the provisions of the will in the probate court. We think that the petition for leave to withdraw was properly addressed to that court, and

should have been heard and granted by it. For the declination was the act of a woman who, having reason for believing that she had been fully and correctly advised by a competent person as to her rights, yet remained to a certain extent in ignorance. Without negligence she fell into an error, and before any order of distribution had been made she asked leave to withdraw her declination. This may well be regarded as a case of misapprehension as to rights without fault; as a mistake from the effects of which a court of equity has power to grant relief.

In *Macknet* v. *Macknet*, 29 N. Jer. Eq., 54, the marginal note is, that "a widow's election to take her dower instead of a legacy in lieu thereof, made under a mistake as to her rights, may be revoked *nunc pro tunc* and she placed in *statu quo*, unless the situation be so changed since her election that it cannot be done without prejudice to the subsequently acquired rights of others." In *Pusey* v. *Desbonorie*, 3 P. Wms., 315, a daughter accepted a legacy of £10,000, releasing rights worth £40,000. Upon a petition to set aside the release Lord Chancellor TALBOT said: "If the courts themselves have not till very lately agreed in what shares or proportions these customary parts shall go, the daughter surely might be well ignorant of her right, and ought not to suffer or give others advantage by such her ignorance."

Again, it is the claim of the appellant that whatever personal estate may remain after payment of the funeral expenses, testamentary charges, debts and legacies, vests beneficially in her as executrix, for the reason that the next of kin are aliens. But the use for life is given to her; the absolute estate is not disposed of; it is in her keeping as trustee to be divided by the statute of distributions, the aliens to take their share. In 4 Kent's Com., 62, it is said that "aliens are capable of acquiring, holding and transmitting movable property in like manner as our own citizens, and they can bring suits for the recovery and protection of that property." See also *Craig* v. *Leslie*, 3 Wheat., 563; *Bradwell* v. *Weeks*, 1 Johns. Ch., 206. We think the rule is broad enough to permit a non-resident alien to take personal property under

.the statute of distributions; and the real estate is in the keeping of the executrix as trustee for the state if it determines to enforce the escheat; for the alien next of kin if it waives it and removes their disabilities, as presumably it will.

The testator gives to the appellant the life use of the entire estate; of necessity this is in lieu of dower; the use of the whole displaces the use of a part and renders the latter impossible. He has made no disposition of the fee; that is intestate estate; there being no children, she takes one-half of the personalty absolutely by the statute.

The Superior Court is advised to reverse the decree of the probate court denying the appellant's petition for leave to withdraw her renunciation of the provisions of the will.

In this opinion the other judges concurred.