CLINTON H. NELSON ET AL., EXECUTORS, *vs.* ANNIE L. POMEROY ET AL.

First Judicial District, Hartford, March Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A testator owning property at the date of his will amounting in value to at least $50,000, gave to his wife the use of $10,000, "so long as she remains my widow, in lieu of dower;" to his son all his real estate valued at $4,000, and also a legacy of $8,000; to his daughter, $4,000; to his eight grandchildren, $8,000, "when twenty-one years of age," giving $1,500 to each male, and $500 to each female, and appointing a trustee for each grandchild not of age when the will was executed; and to a trustee for the use of his church, $2,000. After making these gifts the will provided as follows:—"Should my present investments increase or decrease in amount or value, then each devisee or legatee or party hereto to share in equal proportion, or *pro rata*." At the

testator's death his property amounted to $60,000, but it was then impossible to ascertain with certainty whether his property owned at the date of his will was more or less than such sum. *Held :—*

1. That it was impossible to affirm that any particular construction of the clause quoted would effectuate the actual intent of the testator, and that such clause was, therefore, void for uncertainty.

2. That the property not expressly disposed of by the will became intestate estate.

3. That the acceptance by the widow of the bequest to her "in lieu of dower" did not bar her from taking the share of the intestate personal estate to which she was entitled by the statute of distribution.

4. That the gift to each minor grandchild vested at the testator's death in the trustee named, and was payable to such trustee when the other legacies became payable.

5. That such trustee must give bonds, and that his trust was limited to the sum he took under the will.

[Argued March 7th,—decided April 2d, 1894.]

SUIT for the construction of the will of Horatio K. Nelson, deceased, brought to the Superior Court in Hartford County, and reserved by that court, *George W. Wheeler, J.,* upon the facts stated in the complaint and admitted to be true, for the advice of this court. The case was first argued at the January Term of the court, but was continued for a further finding as to the amount and value of the testator's investments at the date of his will; and was again briefly argued at the March Term.

The case is sufficiently stated in the opinion.

*J. Warren Johnson,* for the executors and defendants other than Annie L. Pomeroy.

*Charles E. Perkins* and *Leverett N. Austin,* for Annie L. Pomeroy.

HAMERSLEY, J. This is an action brought to the Superior Court alleging that doubts have arisen as to the meaning of the will of Horatio K. Nelson, and asking advice as to its proper construction in respect to clauses and provisions mentioned. The Superior Court has made a finding of facts, and at the request of all the parties to the cause, has re-

served the·questions arising thereon for the advice of this court.

All doubtful questions will be disposed of by construction of the so-called residuary clause, the bequest to the widow, and the bequests to the grandchildren.

It appears that Mr. Nelson made his will in February, 1887, and died in January, 1893. At the time the will was made his property included a farm—since appraised at $4,500, household effects valued at $1,000, and property well invested in personal securities, amounting to $44,500; total $50,000. At the time of his death his property was substantially the same, except that his personal securities increased the total amount to about $60,000.

The Superior Court finds that at the date of the will his property amounted to at least $50,000, but that it is impossible to find whether it amounted to more than that sum; and therefore it cannot be certainly known whether the total amount increased or decreased between the date of the will and the date of the testator's death.

Mr. Nelson's family at the time of making the will consisted of his wife; a son, who had three children from two to eight years of age; a married daughter, who had three children, from twenty-three to twenty-seven years of age; and two children of a deceased daughter—Nelson A. Pomeroy aged nineteen years and Anna L. Pomeroy.

He devised his farm (all his real estate) to his son, and also gave him $8,000. To his wife he bequeathed the use of $10,000 " so long as she remains my widow, in lieu of dower;" to his daughter $4,000; to his eight grandchildren $8,000, giving $1,500 to each male, and $500 to each female; to a trustee for the use of his church $2,000. His will left undisposed of about one third of his property—or, if the reversion of his wife's life estate be included in the residue, about one half of his property. After making these gifts the will says:—" Should my present investments increase or decrease in amount or value, then each devisee or legatee or party hereto to share in equal proportion, as given above, or *pro rata.*"

The first and principal question on which our advice is asked, relates to the meaning and effect, if any, of this clause. The difficulties involved in giving any particular construction to the clause are too patent to need enumeration. We gain no help from the general intent of the will. That general intent, aside from the clause in question, is plain. The testator intends, first, to leave a large portion of his property to be divided in accordance with the statute governing the distribution of intestate estate. It is inconceivable that he should by accident or oversight have left from one third to one half of his property undisposed of, especially when that property mainly consisted of notes and bonds of their face value, which he must have examined once or twice a year in order to collect his income ; second, to divide the main portion disposed of by his will, after making liberal compensation to his wife in lieu of dower, among his children and grandchildren, on the theory of giving each male three times as much as each female. If he valued his farm at $4,000, he gives his son just three times as much as his daughter ; and in his gifts to his grandchildren, each boy has exactly three times as much as each girl. This peculiar discrimination in favor of the stronger sex he evidently intends to limit to that portion of his property disposed of by his will.

If we read the language of the clause with the strongest desire of discovering the testator's real meaning, we cannot be sure of anything beyond possibilities. It may be possible that Mr. Nelson intended to limit the operation of the statute of distribution to the precise amount of property he left undisposed of at the time the will was made, and to secure its operation as to that amount ; and so provided that if his property increased that increase should be divided between his legatees according to his peculiar rule of distribution, and if it decreased the amount distributed by the statute should remain unchanged and the legacies be reduced proportionately. Or it may be possible, as claimed by the counsel for the executors, that in spite of the utter inadequacy of the language used, Mr. Nelson really intended to

make an ordinary residuary clause for the disposition of the residue of his property. But it is certainly impossible to affirm that any particular construction signifies the actual intent of the testator ; and in giving any construction we are met with the difficulty of disposing of the words by which the testator plainly makes the increase or decrease of his "present investments" a condition of the provisions, whatever they may be, taking effect. The finding shows that the facts essential to determining the existence of that condition cannot now be ascertained. The authorities go far, perhaps dangerously far, in countenancing an elastic exercise of the power vested in the court to make certain an obscure will on the lines of the testator's actual intent; but in every case, as a condition precedent to any exercise of such power, the law demands that the court shall be satisfied that the will in question, with the circumstances lawfully proven, does in fact disclose the actual intent of the testator. In this case we can only venture an unsatisfactory guess at what possibly the testator might have wished to express, and must therefore hold the clause which contains no clearer meaning void for uncertainty.

The next question is raised by the bequest to his wife. His will gives "in lieu of dower" the use and income of $10,000 "to my beloved wife, Martha J. Nelson." The wife is also made one of the executors, "and without bonds." Is the widow entitled to her distributive share of the intestate estate ?

Redfield lays down the rule :—" The widow is not excluded from claiming her share in the undisposed personalty under the statute of distribution by reason of any provision in the will for her benefit, unless it be clearly expressed to be in satisfaction of all her claim upon the estate, or such appear from the will itself, with such aids to its construction as are allowable, to have been the intention of the testator ; and the fact that she is excluded by the will from all claim of dower will not affect her claim to personal estate." 2 Redfield on Wills, 3d edition, p. 364. In *Pickering* v. *Stamford*, 3 Ves., 331, the English Court of Chancery holds, that

when a testator has made provisions for his wife by will which he meant to be in satisfaction for any claim she might have interfering with the other express objects of his bounty, if by accident such other bequest becomes inoperative, and the property so bequeathed becomes intestate estate, the claims of the widow under the statute of distribution will not be barred. *Pinkney* v. *Pinkney*, 1 Bradford, (N. Y.) 276, seems to support the broad rule that a bequest to a widow "in lieu of all right she may have in my real or personal estate, except as hereinafter mentioned," does not exclude the widow from her distributive share of any property undisposed of by the will. Doubtless such a statement should be taken subject to the modification that a bequest to his wife in lieu of all claim on the testator's estate may be so framed that if she elect to take the bequest she will be estopped from claiming any share even of intestate property.

It is not, however, necessary in this case to discuss the limitations of the general rules laid down, or the discriminations in their application, since the will before us clearly uses the word "dower" in its technical sense, and so excludes any implication of an intent to deprive the widow of her share of the intestate personal property. The testator desired to give all his real estate, with exclusive, immediate possession, to his son, and therefore purchased the widow's consent by the bequest to her in lieu of dower. In this State, when a widow elects to take a legacy in lieu of dower, she is considered in the light of a purchaser, and by force of the statute, (General Statutes, § 621,) if she fails within the time limited to give notice that she declines to accept such legacy, "she shall be debarred of her dower." *Lord* v. *Lord*, 22 Conn., 595. It follows that when, as in this case, the testamentary provision for the widow is nothing more than a bare purchase of her right of dower, the completion of that purchase by formal acceptance of the legacy, or by force of the statute in case of neglect to decline the legacy, bars her claim of dower, but cannot bar her from claiming that share of the intestate personalty to which, independently of the will, she is entitled by the statute of distribution.

The last question relates to the bequests to the grandchildren. The will reads: "To Anna L. Pomeroy I give $500, when 21 years of age." * * * "I appoint Charles C. Sheldon as trustee for Anna L. Pomeroy." Substantially the same language is used as to each other grandchild, omitting the appointment of the trustee for each one of age when the will was made. Do these legatees take a present vested interest? The appointment of a trustee, in connection with the language of the gift, clearly shows that the legacies are to be paid as the other legacies upon the settlement of the estate. There can be no question as to the intent of the testator to treat the grandchildren of each sex with absolute equality, both as to amount and as to interest. To emphasize this intention he even uses the same language—"I give to A. $500, when 21 years of age," in the gifts to the grandchildren who were over 21 years of age when the will was made, as well as in the gifts to the minors. The intention was that the gift to each grandchild should be just as beneficial and complete as the gift to every other, and a construction which might deprive half the children of any benefit from the gifts for from twelve to eighteen years is in violation of testator's plain intention. He did not appoint trustees for those who had reached their majority because he wished each child twenty-one years of age at the time of his death to have full control of the gift; and he appointed trustees for the minors because he wished so to protect the title to his gift, and not because he wished to discriminate against the minors ; and the gift to each minor vests in the trustee named, at the death of the testator. Of course these trustees must give bonds, and it is also clear that the trust extends only to the bequest, and not to any property that may come to the minor by distribution or otherwise.

The Superior Court is advised—

1. The clause—"Should my present investments increase or decrease in amount or value, then each devisee or legatee or party hereto to share in equal proportion as given above, or pro rata," is void for uncertainty, and the property undisposed of by the will must be administered as intestate estate.

2. The acceptance by the widow of the bequest given her in lieu of dower, does not bar her from claiming that share of the intestate estate to which she is entitled by the statute of distribution.

3. The gift to each minor grandchild vested, at the testator's death, in the trustee named and must be paid to the trustee when the other legacies are paid. The trustee must give bonds, and his trust is limited to the sum he takes under the will.

In this opinion the other judges concurred.