Bennett, Exr. *v.* Packer et al.

———— •••• ————

ORIGEN BENNETT, EXECUTOR *vs.* EMMA A. PACKER ET AL.

First Judicial District, Hartford, January Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

By one clause of his will a testator gave the residue of his property, real and personal, to his wife, and in a later clause provided that if she married after his decease she should take but one third of such residue. The will made no further disposition of the property. About nine years after the testator's death the widow remarried, and in a suit to determine the construction of the will, it was *held :—*
1. That the title acquired by the widow under the will, in two thirds of the residue, was a conditional limitation, which determined *ipso*

*facto* upon her remarriage, when such portion of the residue became intestate estate; and that such limitation was not void as an unlawful restraint of marriage.

2. That the gift to the widow was in lieu of dower, but that she was entitled, under the statute of distribution, to one third of the intestate personal property.

[Argued January 4th—decided March 2d, 1898.]

SUIT to determine the validity and construction of the will of Lathrop H. Hooker of Mansfield, deceased, brought to the Superior Court in Windham County and reserved by that court, *Shumway, J.*, upon a finding of facts, for the consideration and advice of this court.

The will is as follows:—

" I, Lothrop H. Hooker, of Mansfield, County of Tolland and State of Connecticut, being of sound mind and memory do make and ordain this my last will and testament in manner and form as follows, viz:

"1st. Item. It is my will that all my just debts, funeral charges and expenses of erecting suitable monuments, be paid and discharged by my executor hereinafter mentioned.

" Item 2d. I give and bequeath to my daughters, Jennie L. Bacon, wife of Joseph H. Bacon, to Mary Eva Biles, wife of George S. Biles, to Emma A. Hooker and Adele M. Hooker, each One Hundred Dollars for their own separate use.

"Item 3rd. I give, bequeath and devise to my beloved wife, Susan M. Hooker, all the residue of my personal property and real estate owned by me at the time of my decease, for her own separate use and behoof.

"Item 4th. It is my will that if the said Susan M. Hooker again marries after my decease, I give, bequeath and devise to her, the said Susan M. Hooker, one third of my real estate and personal property for herself and her heirs.

"Item 5. I hereby appoint Origen Bennett the executor of this my will and testament.

" In witness whereof I have signed, sealed and published and declared this instrument as my will at Mansfield, Conn., on this twenty-eighth day of December, A. D., 1882.

"LOTHROP H. HOOKER. (Seal.) "

The testator died April 24th, 1888. The value of the personal estate left by him is $3,797.53 ; the value of the real estate $6,075. His will was admitted to probate in May, 1888, and the plaintiff duly qualified as executor.

The daughters of the testator named in the second clause of the will were his children by a former wife. The said Susan M. Hooker was the second wife of the testator. They were married in May, 1862. After the death of the testator she, in January, 1897, married John W. Griggs, who died in November, 1897.

Our advice is asked upon the following questions: " Whether by the provisions of said will and of items 3 and 4 thereof, the testator's widow became entitled to an estate in fee simple in the real property of said estate. Whether by the provisions of said will and of items 3 and 4 thereof, said widow became entitled to a life estate in and life use of two thirds of the property of said estate, or whether said two thirds became at her said marriage intestate estate. Whether if said two thirds of said property is intestate estate at her said marriage, said widow became entitled to one third of the same. Whether the widow under item 3 of said will became entitled to the personal property of said estate absolutely. Whether, if two thirds of the property belonging to said estate became intestate upon the said marriage of the testator's widow, the real estate, other than that in which the widow has a dower interest, may be sold by the executor and the avails thereof be used to pay the expenses of settling the said estate."

*Samuel B. Harvey*, for the executor.

*Elliot B. Sumner* and *Huber Clark*, for Susan M. Griggs, the testator's widow.

*Charles E. Searls* and *William A. King*, for the testator's children.

HALL, J. The only claim made by Susan M. Griggs (formerly Susan M. Hooker) to the estate in question, in her

Bennett, Exr. *v.* Packer et al.

written statement filed in the Superior Court in obedience to an order of that court is, that as widow and as devisee and legatee under the will she has an absolute title to all the real and personal property of the estate after the payment of claims and of the legacies given to the daughters.

The third clause of the will, considered independently of the other provisions, gives to the widow such absolute title to the residuum. But the several clauses of the will must be construed in relation to each other; and reading the third and fourth clauses together, it is clear that the fee to two thirds of the residue is a gift *durante viduitate.* Upon the fee to such two thirds the fourth clause imposes a conditional limitation, by which, upon the subsequent marriage of the widow, the estate determines *ipso facto*, without any re-entry or other act by the heirs of the testator. 2 Wash. R. P. (4th ed.) 24; *Phillips* v. *Medbury*, 7 Conn. 568, 573; *Sheldon* v. *Rose*, 41 id. 371. Such a limitation is not void as *in terrorem* and as placing a restraint upon marriage. Jar. Wills (6th Amer. ed.), *885, 886 and note; *Phillips* v. *Medbury, supra.*

The provisions for the widow by the third and fourth clauses of the will, were in lieu of dower. The intention of a testator that a provision of his will for the benefit of his widow shall be a substitute for her dower right, need not be expressly stated in the will. No technical words or terms are required to express such intention. Where such a provision is not expressly stated in the will to be in lieu of dower, the intention may be gathered from a consideration of the entire will; but it should be "demonstrated by clear and manifest implication." And unless such intention clearly appears from the will the widow is not put to her election. 2 Scrib. Dow. (2d ed.), 443; *Lord* v. *Lord*, 23 Conn. 327; *Alling* v. *Chatfield*, 42 id 276.

In *Lord* v. *Lord, supra*, the devise to the wife was not expressed to be in lieu of dower. The testator gave to his wife during her widowhood the use of his dwelling-house, garden and lot adjoining, one half the use of his fishery, the use of one half of his household furniture, the income from

certain bank stock, and charged upon his farm the annual payment of certain products and gave her certain bank stock. The provision was held to be in lieu of dower. In *Evans's Appeal from Probate*, 51 Conn. 435, 440, a gift to the widow of the life use of the entire estate of the testator was held to be necessarily in lieu of dower. In *Anthony* v. *Anthony*, 55 Conn. 256, a gift to the wife of about two thirds of the income of the personal property and the use of nearly half the real estate was held to exclude dower, though not expressly stated in the will to be in lieu of dower.

In the case at bar the testator gave to his wife during widowhood the fee to about nine tenths of his entire property, and in the event of her remarriage an interest in his estate much greater in value than her dower right. We think it clearly appears from the entire will to have been the intention of the testator that the gift to the widow should be in lieu of dower, and that by her acceptance and enjoyment, for nearly ten years without claiming dower, of the benefit of a provision giving to her the fee of the residuum during widowhood, and thus placing it within her power to enjoy that estate during her life, and giving to her one third of the residuum absolutely in case of her remarriage, she is estopped from claiming dower in the estate which has become intestate by her marriage.

Is the widow entitled to share in the personal property of the intestate estate under the statute of distribution? Some expressions in the opinion in *Leake* v. *Watson*, 60 Conn. 498, 513, would seem to indicate that she was not. But the question was not really involved in the decision of that case, and the statement in the opinion that the widow was not entitled to share in the intestate estate "resulting from the failure of the remainders over to the heirs of the daughters," is based upon the peculiar circumstances of the case, among which were the facts that the testator did not contemplate that any part of his estate would become intestate, and that the widow did not claim the right to share in the intestate estate. In *Huntington's Appeal from Probate*, 30 Conn. 526, it was made a *quære* whether the will containing

a provision for the benefit of the widow could be considered as affecting the rights of her heirs under the statute of distribution, to share in intestate estate. The case of *Sheldon* v. *Rose, supra*, was quite similar to the present case. There the testator bequeathed to his wife the use of all his estate so long as she remained his widow, and in case of her marriage the life use of one half of his property, the other half to brothers and sisters, but with no disposition of the remainder after the termination of the widow's life estate. The widow remarried. After her death it was held that one half the intestate estate should be distributed to the heirs of the widow. In *Evans's Appeal from Probate, supra*, the testator having no children gave to his widow the life use of his entire estate after the payment of debts, without an express statement that it was in lieu of dower. The widow declined in writing to accept the provision of the will, upon advice that her acceptance of it would not only bar her dower right, but also her right under the statute of distribution. This court held that she might revoke her election and claim under the will the use of the entire estate for life, and under the statute of distribution one half the personal estate absolutely; and that notwithstanding her acceptance of the provision of the will, which was held to be in lieu of dower, she was entitled as distributee under the statute to one half the personal property absolutely. In the recent case of *Nelson* v. *Pomeroy*, 64 Conn. 257, 262, it was held that the acceptance of the bequest to the widow which was expressed to be in lieu of dower, did not bar her from claiming her share of the intestate personal estate under the statute. In giving the opinion of the court JUDGE HAMERSLEY says: "*Pinkney* v. *Pinkney*, 1 Bradford (N. Y.) 276, seems to support the broad rule that a bequest to a widow 'in lieu of all right she may have in my real or personal estate, except as hereinafter mentioned,' does not exclude the widow from her distributive share of any property undisposed of by the will. Doubtless such a statement should be taken subject to the modification that a bequest to his wife in lieu of all claim on the testator's estate may be so framed that if she elect to

take the bequest she will be estopped from claiming any share even of intestate property."

The widow's right to share in the personal property, unlike her right of dower, could have been defeated by the testator by a disposal of his entire estate by will. As it appears upon the face of the will that in the event of the marriage of the widow a part of the estate would become intestate, we think she may justly claim that she accepted the gift to her as a substitute for her right of dower only, and not in lieu of her statutory right to share in the intestate personal estate.

The Superior Court is advised:—

1. That by the provisions of the will the testator's widow did not become entitled to an absolute estate in fee in either the entire real or personal estate.

2. That upon the remarriage of the widow two thirds of the entire estate became intestate.

3. That the widow is not entitled to any part of the real estate of said intestate estate, but is entitled as a distributee under the statute to one third of the personal intestate estate.

Upon the question asked in the amendment to the complaint we give no advice, as it is not involved in the construction of the will.

In this opinion the other judges concurred.