HARRY W. WALKER, EXECUTOR, *vs.* NELLIE A. UPSON ET AL.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave his wife the use and income of all his property until his daughter *N* became twenty-one, when the wife was to receive one half the estate in fee with the right to select her share at the appraised value, and "in case my three children shall all then be living" the rest and residue of the estate was given to them in equal shares. *N* came of age and another child died during the testator's lifetime, and his widow died shortly thereafter, and before she had fully selected her half of the property. *Held:* —

1. That inasmuch as the sole contingency upon which the gift of the residue was to take effect, had become impossible at the testator's death, that portion of his property was intestate, and vested in his descendants *per stirpes.*
2. That the bequest to the widow was in lieu of dower, and her acceptance of it debarred her from claiming any share of the intestate personalty at the expense of the natural heirs and in opposition to the general intent of the will.
3. That the widow's power of selection was personal to her and could not be pursued by her executors; and that the further division of the property was a matter for distributors to be appointed by the Court of Probate.

One who chooses to accept a benefit under a will must renounce every claim inconsistent with the accomplishment of the intent manifested by its provisions.

Argued June 18th—decided July 23d, 1901.

SUIT to determine the validity and construction of the will of Elliott A. Upson of Bridgeport, deceased, brought to the Superior Court in Fairfield County and reserved by that court, *Robinson, J.*, upon the facts stated in the complaint, for the consideration and advice of this court.

The following are the material portions of the will, which was executed in 1896: "I give and bequeath to my beloved wife, Alice B. Upson, the possession, use and income of all my estate, real and personal, until my daughter Nellie shall attain the age of twenty-one years, provided she shall survive to that age, and when she shall attain to the age of twenty-one years, or upon her sooner decease, I give, devise and bequeath all my estate of every description, as follows, to wit: *A.* I give, devise and bequeath one-half thereof to my said wife and to her heirs absolutely and forever, and I direct that she be allowed to select from the inventory of my estate to the amount of one-half its value whatever she may choose, the same to be taken at the appraisal value thereof as made and returned to the Court of Probate in the inventory and appraisal of my estate. *B.* I give and bequeath to my grandson, Elliott F. Upson, as a legacy the sum of five hundred dollars absolutely and forever. *C.* I give and bequeath to my grandson, Webster Upson Walker, as a legacy the sum of five hundred dollars absolutely and forever. *D.* In case my three children shall all then be living, I give, devise and bequeath all the rest and residue of my estate as follows, to wit: One third thereof to my daughter, Edith A. Walker, to her and her heirs absolutely and forever. *E.* To my daughter Nellie A., one third thereof, to her and her heirs absolutely and forever. *F.* The remaining one-third I give, devise and bequeath to my daughter-in-law Hattie Upson, wife of my son Henry, in trust, nevertheless, for the use and benefit of my said son and his family."

The trust was then specified in detail. In a certain contingency, the whole fund was to be transferred to the son. Otherwise the income, and if she deemed it necessary, any part of the principal, was to be applied to the use of the son and his family, and upon his decease to their use, until his youngest child should became of age, the principal then to

belong to his issue, subject to the life use of half of it by his widow, while she remained such.

Nellie became of age in 1899. The testator's two other children were then living. Henry D. Upson died March 30th, 1900. The testator was aware of these facts. He died in June, 1900, leaving a net estate of about $150,000. His widow (who was married to him before 1877), after selecting for herself certain property of the estate, appraised in the inventory at $62,441.42, died in the following March. She never gave notice, in writing or otherwise, to the Court of Probate that she declined to accept the provision made for her by said will, nor did she make application for setting out of dower.

Henry D. Upson left a widow and one minor child, Elliott F. Upson.

*Arthur M. Marsh*, for Hattie P. Upson, Nellie A. Upson, and Edith A. Walker.

*Stiles Judson, Jr.*, for Elliott F. Upson and the estate of Alice B. Upson.

BALDWIN, J.  The testator provided for the disposition of the greater part of his property " when " his daughter Nellie should come of age, or upon her death, should that occur during her minority. He also provided for the simultaneous disposition of the residue " in case " his three children should " all then be living." The death of his son before him presented a different case, as to which the will is silent. That, knowing that Nellie was of age and Henry dead, the testator allowed his will to remain unaltered, cannot, even with the aid of General Statutes, § 541, serve to turn a contingent bequest into an absolute one. One case and one case only was provided for, and that was the survival of his three children at the time fixed for the distribution of the principal of his estate. This time, Nellie having previously come of age, was that of the testator's death, when the will first spoke. As but two of his three children were then living, his residuary estate is intestate.

The dispositions in favor of the widow were plainly intended to be in lieu of dower. *Bennett* v. *Packer*, 70 Conn. 357. Her acceptance of them also debars her from claiming under General Statutes, § 630, any share in so much of the personal estate as is intestate. One who chooses to accept a benefit under a will must renounce every claim inconsistent with the accomplishment of the intent manifested by its provisions. The will now in question shows a general intent to divide the principal of the estate equally between the testator's widow and his descendants. There is nothing to indicate that he contemplated partial intestacy. It is more probable that he thought that the death of any child would simply hand his share over to his issue, under the statute to prevent lapses, to which reference has been made. The particular provision in favor of his children having failed, it would be inequitable to permit the executors of the widow to put forward a claim never made by her, and give to her election to take under the will the effect of increasing her estate, contrary to his general intent, at the expense of the natural heirs. *Leake* v. *Watson*, 60 Conn. 498, 513.

The testator invested his widow with a power of selection as to what should constitute her half of his estate. There is nothing to take this provision out of the general rule that a power is personal, and can be exercised only by him to whom it has been specially confided. The widow having made but a partial division between the share left to her and that intended for the children, distributors must be appointed to complete it. This is within the powers of the Court of Probate under the equity of General Statutes, § 558. The valuations given in the inventory will not control in such distribution. Whatever may remain after the payment of the two pecuniary legacies belongs, as intestate estate, to the testator's surviving descendants, *per stirpes.*

The Superior Court is advised to render judgment in conformity to the foregoing opinion.

No costs will be taxed in this court.

In this opinion the other judges concurred.