ANDREW M. GRANT, ADMINISTRATOR,. vs. MARY E.
STIMPSON ET ALS.

First Judicial District, Hartford, March Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A testator who died in 1887 leaving a grandson and a granddaughter
as his sole heirs at law, bequeathed certain property in trust, the
income of which was to be paid to his grandson during his life,
and at his decease the principal was to be distributed to said
grandson's "legal heirs," unless such heir should prove to be his
sister, in which event the trust was to continue and she was to
receive only the income of the property during her life. The
residue of the testator's property, after the termination of his
widow's life use, was also placed in trust for the equal benefit of
his grandchildren, and at the decease of either, such decedent's
share was to be distributed to his or her "legal heirs," with a
provision that if the granddaughter proved to be the grandson's
heir the trust should continue during her life and the property
at her death should go to her "legal heirs." The grandson died
in 1891, but his sister still survives. In a suit to construe the
will it was *held:*—

1. That the term "legal heirs" was used in its technical, primary sense,
   and that the gift over, being in violation of the then-existing
   statute against perpetuities, was void.
2. That the remainder interest not being otherwise disposed of by
   the will became intestate estate and vested at the testator's death
   in those persons who were then his heirs at law.
3. That inasmuch as the granddaughter could claim a life estate in
   the property of which her brother had received the income, only
   as his "legal heir," and that provision was void, she could take
   nothing under it.

While the acceptance by a widow of a testamentary provision which
is made in lieu of dower only, will not deprive her of her share
in the personal property of which the testator has intentionally
made no disposition, yet her acceptance of a provision in her hus-
band's will which is clearly intended to be in lieu of all claim on
his estate, as in the present case, will debar her from claiming
any share of personal property which, by reason of the invalidity
of certain clauses of the will, becomes intestate estate.

In the absence of any evidence to the contrary, the law presumes that
a child born in lawful wedlock, although only three months after
marriage, is the husband's child.

Argued March 6th—decided April 10th, 1907.

SUIT to determine the validity and construction of the will of Jared Wentworth of Mansfield, deceased, brought to and reserved by the Superior Court in Tolland County, *Reed, J.*, upon the facts stated in the complaint, for the advice of this court.

*Samuel B. Harvey*, for the plaintiff.

*William A. King*, for the executor of Sophia C. Wentworth.

*George E. Hinman*, for the administrator of the estate of Frank J. Wentworth.

*Charles F. Thayer*, for Mary C. Stimpson.

*Huber Clark*, for Huber Clark, trustee.

THAYER, J. The testator executed the will in question in 1885 and died in 1887, leaving surviving him his wife, Sophia C. Wentworth, to whom he was married in 1865, and two grandchildren, Frank J. Wentworth and Mary E. Stimpson, his sole heirs at law. His estate was inventoried at $19,481, and consisted of a homestead valued at $600, which was all the real estate of which he died seized, one hundred shares of the capital stock of the Pittsburg, Fort Wayne and Chicago Railroad Company, appraised at $15,000, a deposit in the Willimantic Savings Institute of nearly $1,500, bonds valued at $1,100, household furniture and effects, and other articles of personal property. By the first item of his will he gave to his wife, absolutely, the deposit in the Savings Institute; by the ninth item he gave to her, absolutely, the household furniture and effects in the homestead; and by the tenth item he gave her the use for life of the remainder and residue of his estate left after the payment of all the other legacies. All the other legacies were of shares of said railroad stock to different persons, a designated number to each. The residue included the homestead and more than $6,000 in personal

property. The widow accepted her legacies and enjoyed them until her death in 1906.

The fourth, fifth, and tenth items of the will, to which the questions before us particularly refer, were as follows :—

"Item 4. I give and bequeath to the Willimantic Savings Institute of Willimantic, in the state of Connecticut, in trust however, ten (10) shares of the Pittsburg, Fort Wayne and Chicago Railroad, the income thereof to be paid to Frank Jared Wentworth (my grandson) during his life, and at his decease the same shall be distributed to his legal heirs, except his legal heirs shall prove to be his sister, Mary Evelyn Stimpson, then said trusteeship shall continue and only the income of said stock shall be paid to the said Mary Evelyn Stimpson.

"Item 5. I give and bequeath to the said Willimantic Savings Institute, in trust however, ten (10) shares of the Capital Stock of the Pittsburg, Fort Wayne and Chicago Railroad, the income thereof to be paid to my granddaughter, Mary Evelyn Stimpson, during her life, and at her decease the same to be distributed to her legal heirs."

"Item 10. I give to my wife, Sophia C. Wentworth, the use and income of the remainder and residue of my estate, including twenty-five (25) shares of the Capital Stock of the Pittsburg, Fort Wayne and Chicago Railroad, and all other personal and real estate of which I may die seized and possessed, and at her decease the estate which she has received and enjoyed the income from by this will is hereby given to the Willimantic Savings Institute, in trust however, the income of the same to be paid in equal shares to my grandson, Frank Jared Wentworth, and my granddaughter, Mary Evelyn Stimpson, and at the decease of either of said grandchildren the respective share of said deceased shall be distributed to the legal heirs of said deceased forever. Except in the event of my granddaughter becoming the legal heir to my sd. grandson's estate by this will, then all of said estate shall remain in the hands of the sd. Willimantic Savings Institute and the entire income shall be paid to my said granddaughter, and the sd. estate

at her decease shall be distributed to her legal heirs forever."

Our advice is asked upon the following questions: " (a) Whether any of the provisions of items four, five, and ten of said will are void, and whether the estate named in said items is finally disposed of by the provisions of said items. (b) If the estate named in said items is not therein disposed of except as to the life uses therein created, then, in such case, whether the distributees are to be ascertained as of the time of the decease of the testator, or at the termination of said life uses. (c) Whether the widow of said testator had at any time a vested interest in and to one third of the personal estate named in items four, five, and ten of said will, and whether her estate is entitled to the same. (d) Whether said Mary E. Stimpson is entitled to the life use of all the estate named in items four, and ten after the termination of the life uses to said Frank J. Wentworth and Sophia C. Wentworth."

It is clear that the testator, in the items of his will above quoted, used the words "legal heirs" in their primary sense, for in the fourth and tenth items he provides for the contingency of Mary E. Stimpson becoming the legal heir of her brother Frank. It has been determined in this State by a long and uniform line of decisions, of which *Gerard* v. *Ives*, 78 Conn. 485, 62 Atl. 607, is the latest, that a devise to the heirs of a living person (unless it appears that his children are intended) violates the statute against perpetuities which existed at the date of the decease of the testator, because, until the death of such person, his heirs cannot be ascertained and it is possible that they may be the issue of children yet unborn at the testator's death. The attempted devises of the remainders over, dependent upon the life estates of Frank J. Wentworth and Mary E. Stimpson, were therefore void, and the estate mentioned in the fourth, fifth, and tenth items of the will was not finally disposed of by the will but remained (subject to the life estates therein created) intestate estate. As intestate estate it vested at the testator's death in those persons en-

titled to receive it, and the distributees, therefore, are to be ascertained as of the time of the decease of the testator.

As the testator was married prior to 1877 and left descendants of a child surviving him, the widow, in addition to her dower, would be entitled, under the statute of distributions, to one third of the intestate personal estate unless in some way debarred from claiming it. It is established law in this State that a widow may, by accepting a provision in lieu of dower made for her by her husband's will, debar herself from claiming dower, and, if such provision is clearly intended to be in lieu of all claim on his estate, she will, by accepting it, debar herself from claiming under the statute of distributions her share in any intestate personal property. This is upon the equitable doctrine of election, that a person will not be permitted to hold under and against the same deed or will. In *Evans' Appeal*, 51 Conn. 435, *Nelson* v. *Pomeroy*, 64 Conn. 257, 29 Atl. 534, and *Bennett* v. *Packer*, 70 Conn. 357, 39 Atl. 739, each a case where a widow had accepted a provision made for her by will in lieu of dower, it was held that by accepting the testamentary provisions the widows were debarred of dower, but were not debarred of their shares of the intestate personal property under the statute. In each of those cases the intestacy appeared on the face of the will, and, so far as appeared, was voluntary on the part of the testator, and it was held that upon the facts in those cases the widows might justly claim that they accepted the testamentary provision in substitution of the dower right only. But in *Nelson* v. *Pomeroy*, 64 Conn. 257, 262, 29 Atl. 534, it was suggested in the opinion that where such a provision is made in lieu of all claim on the husband's estate, and accepted, the widow " will be estopped from claiming any share even of intestate property." In *Walker* v. *Upson*, 74 Conn. 128, 130, 49 Atl. 904, where the dispositions in favor of the widow were plainly in lieu of dower, it was held that her acceptance of them debarred her from claiming under the statute of distributions any share in so much of the estate as was intestate, upon the ground that hav-

ing chosen to accept a benefit under the will she "must renounce every claim inconsistent with the accomplishment of the intent manifested by its provisions." That was a case, like this, where the testator intended and attempted to dispose of his entire estate, but some of the provisions of the will were void, leaving a partial intestacy. The case of *Leake* v. *Watson*, 60 Conn. 498, 21 Atl. 1075, presented a similar question and was decided in the same way. Whether the widow in the present case, having accepted the provisions of the will in her favor was debarred of a share of the intestate estate, depends, therefore, upon the construction of the will and the testator's intention as manifested thereby. It is not expressly stated in the will that the provisions in favor of the widow are in lieu of dower or other claim, but the authorities agree that this is not necessary. It is enough if from the whole will it is demonstrated by clear and manifest implication that such was the testator's intention. *Bennett* v. *Packer*, 70 Conn. 357, 39 Atl. 739. Reading the whole will in view of the situation of the parties, it is entirely clear that the testator intended the provision in favor of his wife to be in lieu of dower and all claim upon his estate. He intended that no part of his estate should be intestate. He gave nearly half of his property to others than his wife and heirs at law. The will mentions the chief items of which the estate consisted, and shows a clear apprehension on the part of the testator of what he had to give, and of the items which he was giving to others and to his widow and heirs at law. He gave his wife the use for life of the entire homestead and of nearly a third of his personal property, besides absolute gifts of the household effects and $1,500 in bank, evidently intending to provide her a home and the means of supporting herself in it. But the life use of the entire homestead under the will was inconsistent with the life use of one third of it as dower. "Of necessity this is in lieu of dower; the use of the whole displaces the use of a part and renders the latter impossible." *Evans' Appeal*, 51 Conn. 435, 440. Having accepted this provision and enjoyed it during her

life, she was debarred of all further claim on the estate and took no vested interest (except such as the will gave her) in one third of the personal estate named in items four, five, and ten of the will, and her estate is not entitled to any share of the same as intestate estate.

Mary E. Stimpson could claim a life estate in the remainders over, after the termination of her brother's life estate, in the property mentioned in the fourth and tenth items of the will, only as his legal heir under the provisions of the will above held to be void. But it appears also that her brother married in 1890, that his wife gave birth to a child three months after marriage, and that the wife and child survived him, his death occurring in 1891. Whatever claims have been or may be made as to this child's relation to him, in the absence of further facts than above stated touching them, and there are none before us, the law presumes that having been born in lawful wedlock she is his child. Mary E. Stimpson, therefore, did not become the legal heir of her brother, the only condition upon which she could claim a life estate in remainder in that portion of the testator's property which was given to her brother for life, and if she became such heir the provision giving her such life use was void. She is not, therefore, entitled to a life estate in all the estate named in items four and ten, after the termination of the life uses to Frank J. Wentworth and Sophia C. Wentworth.

As to the question raised upon the amendment to the complaint we give no advice. That question was properly before the Superior Court in the interpleader suit mentioned in the amendment, to which the plaintiff was a party, and is not properly before this court.

The Superior Court is advised to render judgment in conformity to the foregoing opinion.

No costs will be taxed in this court.

In this opinion the other judges concurred.