SARAH C. PIKE, Appellant, v. PETER J. STANDAGE et al., Appellees.

**BASTARDS:** Evidence—Sufficiency. Evidence reviewed, and held
1 wholly insufficient to establish paternity.

**EVIDENCE:** Declarations—Paternity. Principle recognized that
2 the declarations of a decedent, asserting or denying paternity, are admissible in evidence.

*Appeal from Page District Court.*—SHELBY CULLISON, Judge.

DECEMBER 15, 1919.

SUIT in partition of certain land and claim for one third of distributive share of personal property were heard together, and both the petition and claim dismissed. The plaintiff and claimant appeals.—*Affirmed.*

*Stipe & Stephens,* for appellant.

*Orr & Turner,* for appellees.

LADD, C. J.—Peter Standage, Sr., died intestate, about March 6, 1916, seized of 280 acres of land and considerable

personal property.   He had been married to Julia Halder-
man, January 23, 1861, and they lived to-
gether until her death, April 26, 1903, the
issue of marriage being Peter J. and Ella
Standage, who, with their spouses, are the
defendants in this suit.   The plaintiff was born February
1, 1853, and, though born out of wedlock, contends that in-
testate was her father, and that she was legitimatized by
his subsequent marriage to her mother.   Section 3150 of
the Code declares that:

1. BASTARDS:
evidence:
sufficiency.

"Illegitimate children become legitimate by the subse-
quent marriage of their parents."

The only issue, therefore, for our determination is
whether decedent was the father of the plaintiff.   Parent-
age is essential to inheritance, except when adoption has
been effected, and the right thereto by an illegitimate child
may be established (1) by proof of parentage, and (2) by
recognition in writing, or general and notorious recogni-
tion, or by the subsequent marriage of the parents.   Recog-
nition in writing or general and notorious recognition, how-
ever, does not remove the taint of illegitimacy.   Only by the
subsequent marriage of the parents does the illegitimate
child become legitimate offspring of its parents.   *Brisbin v.
Huntington*, 128 Iowa 166.   If, then, plaintiff was begotten
by decedent, she is as legitimate, under the law, as his son
and daughter born in wedlock.   As said, the only issue is
whether plaintiff is the daughter of decedent; and to war-
rant a finding that she is, the evidence must be clear and
convincing.   *McNeill v. McNeill*, 166 Iowa 680.

A second reading of the record has only confirmed our
conclusion, reached on the first reading, that the decree find-
ing that plaintiff is not the daughter of decedent is correct.
In the first place, the adolescence of Standage and the
disparity of his age and that of plaintiff's mother render
any sexual relation exceedingly improbable, and this is em-

phasized by the fact that the latter was then a resident of Fayette County in southeastern Pennsylvania, and he is a resident of Clinton County in northeastern New York, nearly 300 miles apart. The evidence shows that she was born August 19, 1829, and he, October 9, 1838, and that plaintiff was born February 1, 1853. At that time, then, decedent was 14 years, 3 months, and 22 days old, and must have been about 13 years, 6 months, and 22 days old at the time of conception. She was then over 22 years and 8 months old, and nothing in the record indicates that she was of a character likely to have taken advantage of a boy of tender years. A brother of decedent's testified that his parents, with the family, moved from Clinton County, New York, to McHenry County, Illinois, in 1855; that decedent had not been absent from home in Clinton County during the five years previous, within which plaintiff must have been begotten: and the record contains no evidence that decedent or plaintiff's mother ever met or were in the same community, until her removal with parents and family to McHenry County, Illinois, in 1855 or 1858. Six or seven years after the marriage, they moved to Osage, Iowa, and, about two years later, to Page County. After the marriage, plaintiff lived as a member of decedent's family until her marriage, in September, 1870, to one Pike. She was known as Sarah C. or Kitty Standage, all this time, and undoubtedly was treated as a daughter by decedent, and as sister by his other children. Moreover, many in the neighborhood never heard or thought of her relation to decedent as otherwise than that of real daughter; but, according to the record, about an equal number were aware that she was a stepdaughter only. Either relation is not necessarily inconsistent with his treatment of her daughter, or his reference to himself as grandfather of her children. If he did assert, in response to a question on one occasion, that she was "truly my daughter," and on another, that "she was just

as much mine as either of the other two," as testified by some witnesses, there were more who swore that he had declared to them, in substance, that she was his stepdaughter. Declarations by decedent, asserting and denying paternity, are admissible in evidence. *Robertson v. Campbell*, 168 Iowa 47.

Plaintiff returned to decedent's home to care for her mother in 1902, having separated from her husband, and, after the mother's death, kept house, and assisted and cared for him until his death. Though her con-

2. EVIDENCE: declarations: paternity.

duct in so doing is worthy of the highest commendation, his children, who had families, are not to be criticised for failing to do what she did probably better than they could. Prior to his death, he conveyed to her 80 acres of land, for that, if he willed it to her, she would have to pay an inheritance tax; and expressed the wish that his son should have 100 acres of what was left, and his daughter, Elizabeth, the remaining 120 acres.

We have done no more than touch the high places in the voluminous record before us. A detailed review of the record would serve no useful purpose. It is enough to say that not only has plaintiff failed to establish her right to inherit as decedent's child, by clear and convincing evidence, but the contrary conclusion appears, by a decided preponderance of the evidence.—*Affirmed.*

EVANS, PRESTON, and SALINGER, JJ., concur.