DAVID MORROW *v.* KATHLEEN M. MORROW

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 13, 1973—decided January 2, 1974

*Martin Zeldis,* for the appellant (defendant).

*James M. Higgins,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the state.

*Harry R. Traystman,* guardian ad litem for Donna M. Morrow.

No appearance for the appellee (plaintiff).

BOGDANSKI, J.  By a complaint dated March 27, 1970, the plaintiff, David Morrow, sought a divorce from his wife, the defendant, Kathleen Morrow, nee Menzies, and custody of the minor children, alleging that Donna Morrow, born July 7, 1963, was issue of their marriage together with her sisters, Valerie and Ruth.  By amendment the plaintiff alleged that only two minor children, Valerie and Ruth, were issue of the marriage.  At the divorce hearing both the plaintiff and the defendant testified that David

Morrow was not the father of the child Donna. Despite this uncontradicted testimony the court concluded that the plaintiff and the defendant had three minor children, issue of the marriage, and awarded the custody of all the children to the plaintiff.

The principal claim raised by the defendant's appeal is that the court erred in concluding that Donna Morrow was the legitimate daughter of the plaintiff, David Morrow, even though he is not her natural or adoptive father.[1] To decide this question also requires us to determine whether the trial court erred in applying the doctrine of estoppel.

The plaintiff and the defendant were married on June 12, 1964, in Greenock, Scotland. Prior to the marriage, a child named Donna Marie Menzies had been born to the defendant out of wedlock on July 7, 1963, in Scotland. The plaintiff, on naval duty in Scotland, met the defendant for the first time when Donna was six months old. In 1965, a month before the first child of the marriage was born, the plaintiff expressed an interest in adopting Donna, but he and the defendant decided that an adoption would be beyond their financial means. They subsequently discovered that Donna's surname could be officially changed to Morrow if the plaintiff swore under oath before a sheriff in Greenock, Scotland, that he was Donna's natural father. That procedure was followed, with the defendant present, and the birth record of Donna Marie Menzies was changed to read "Donna Marie Morrow." The plaintiff signed the new birth entry as the father of Donna

---

[1] The challenges to the finding of facts by the court have not been briefed and are thus treated as abandoned. *State* v. *Grayton*, 163 Conn. 104, 109, 302 A.2d 246; Maltbie, Conn. App. Proc. § 327.

and at all times thereafter treated her in the same manner as his other two children. No legal adoption of Donna was ever accomplished or attempted by the plaintiff.

The court concluded that although the plaintiff was not the natural or adoptive father of Donna, his declaration of paternity under oath fixed her status as his legitimate child, and both he and the defendant, because she participated in the change of name proceeding, are estopped from denying his paternity.

The trial court had no jurisdiction to award custody of Donna to the plaintiff if she is not his child by paternity or adoption. *LaBella* v. *LaBella,* 134 Conn. 312, 316, 317, 57 A.2d 627. In that case, an action for divorce, the wife sought custody of the illegitimate son of her husband, although she was neither the natural nor the adoptive mother of the child. This court agreed with the Superior Court that it had no jurisdiction to award custody of that illegitimate child, stating: "Divorce, in this state, is the special creature of statute. *Dunham* v. *Dunham,* 97 Conn. 440, 443, 117 A. 504. The applicable statutes . . . refer to children of the marriage in terms or by implication. They can be read in their context in no other sense. . . . In the case of an illegitimate child, the mother is the guardian of the person, but the Probate Court is given specific power to remove her and appoint someone else. . . . The guardian of the person of a child is entitled to his custody. . . . The Superior Court has no jurisdiction over matters which are specifically placed within the jurisdiction of the Probate Court." Our present statutes have expanded the jurisdiction of the Superior Court, by providing that "[t]he authority of the superior

court to make and enforce orders and decrees as to . . . custody . . . is extended to children adopted by both parties and any natural child of one of the parties who has been adopted by the other." General Statutes § 46-26a. Unless Donna is deemed by law to be a child of the marriage of the plaintiff and the defendant, the Superior Court was without jurisdiction over her person.

Even though the plaintiff testified that he was not the natural father of Donna, the court concluded that he was estopped from recanting his declaration under oath in Scotland. "There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." *Breen* v. *Aetna Casualty & Surety Co.*, 153 Conn. 633, 643, 220 A.2d 254; *Themper* v. *Themper*, 132 Conn. 547, 550, 45 A.2d 826. Estoppel is not present in this case.

Where a child is claimed to be legitimate on the basis of acts of acknowledgment by the putative father, the significance of those acts and the status of the child are determined by the law of the putative father's domicil at the time of those acts. See notes, 73 A.L.R. 941, 956, 87 A.L.R.2d 1274, 1296; Goodrich & Scoles, Conflict of Laws (4th Ed.) § 141.

The plaintiff was domiciled in Iowa. In Iowa, "[i]llegitimate children become legitimate by the

subsequent marriage of their parents." Iowa Code § 595.18. The use of the word "parents" in this statute implies that actual paternity must be shown to establish legitimation based on a subsequent marriage. Although some courts have held that intermarriage and acknowledgment are sufficient to establish legitimacy without proof of paternity,[2] the Iowa courts have required such proof. See, e.g., *In re Estate of Wulf,* 242 Iowa 1012, 48 N.W.2d 890; *Hopp* v. *Petkin,* 222 Iowa 609, 269 N.W. 758; *Pike* v. *Standage,* 187 Iowa 1152, 175 N.W. 12. In the last-cited case, the court held that the plaintiff child was not entitled to inherit from her purported father, despite his declarations of paternity, because evidence of his age and place of residence at the time of conception rendered the claim of fatherhood highly improbable. On the undisputed facts of this case and the applicable law, we conclude that Donna Morrow is not the legitimate child of the plaintiff, and that the court lacked jurisdiction to award custody of Donna to the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.

---

[2] See *Small* v. *State,* 226 Ind. 38, 77 N.E.2d 578; *Binns* v. *Dazey,* 147 Ind. 536, 44 N.E. 644; note, 33 A.L.R.2d 705, 751–52.