PAUL D. SCHAFFER *v.* CYNTHIA L. SCHAFFER

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, JS.

Argued February 3—decision released May 25, 1982

*Paul D. Schaffer,* pro se, the appellant (plaintiff).
*Joan B. Sinder,* for the appellee (defendant).
*Richard W. Dyer,* for the minor child.

SPEZIALE, C. J. This is an appeal by the plaintiff from a dissolution of marriage judgment which found that the minor child born during the marriage was the lawful issue of the parties and ordered the plaintiff to provide weekly support for the child. The plaintiff claims that the trial court erred in finding that the plaintiff was the father of the minor child.[1]

---

[1] The plaintiff also challenges, for the first time on appeal, the actions of the counsel appointed to represent the minor child on the ground that the child's counsel has failed to represent the best interests of the child. The gist of this claim is that the counsel for

If the plaintiff is not the father of the minor child, the trial court lacked the authority to order the plaintiff to provide support for the child. *Morrow* v. *Morrow*, 165 Conn. 665, 668, 345 A.2d 561 (1974); *LaBella* v. *LaBella*, 134 Conn. 312, 316, 57 A.2d 627 (1948). The principal issue is whether the trial court erred in finding the plaintiff to be the father of the minor child. Because this is a factual finding, we may reject it only if it is "clearly erroneous." Practice Book § 3060D; *Kaplan* v. *Kaplan*, 186 Conn. 387, 391–92, 441 A.2d 629 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 220, 435 A.2d 24 (1980).

The parties were married on July 1, 1978. The defendant was pregnant at the time of the marriage, with the probable time of conception being the end of April or the beginning of May, 1978. The minor child was born on January 24, 1979. The plaintiff testified that he did not have sexual relations with the defendant until May 24, 1978, which was after the probable time of conception.[2] The plaintiff testified that he married the defendant because he

the minor child, by opposing the plaintiff's attempts to prove he is not the father of the minor child, has failed to represent the best interests of the child because he has not aided in determining the identity of the child's actual father. Even if it is assumed, however, that this claim is properly reviewable, we cannot say that the actions of the child's counsel amounted to an ineffective representation of the child's interests. The purpose of appointing counsel for a minor child in a dissolution action is to ensure independent representation of the child's interest and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation. Although the plaintiff's claim is without merit, we note that counsel for the minor child failed to appear for argument before this court.

[2] The defendant's doctor testified that the defendant's last menstruation before the pregnancy commenced on April 19, 1978, that the pregnancy was full term, and that the original due date was January 12, 1979.

believed she was pregnant with his child but that in December, 1978 she told him that she had had sexual relations with other men during the probable period of conception and that she had married him only for financial reasons. According to the plaintiff, it was this revelation which led him to seek a dissolution of the marriage. The transcript of the testimony reveals, however, that the plaintiff was unable to elicit confirmation of the defendant's alleged revelation from the defendant or corroboration for it from other witnesses alleged to have been involved with the defendant.

The defendant contradicted the plaintiff's testimony and testified that she did have sexual relations with the plaintiff during the probable period of conception and that she did not have sexual relations with anyone else during this period. The defendant also testified that there was no doubt in her mind that the plaintiff was the father of the minor child.

Because it was the plaintiff who put into issue the question of the paternity of the minor child, the burden was on him to prove that he was not the father of the child. Although the trial court did not specify the nature of the plaintiff's burden, it is clear that in Connecticut there is a presumption that a child born during lawful wedlock is the child of the husband, which presumption may be rebutted only by clear, convincing, and satisfactory proof that the child is illegitimate. See *Grant* v. *Stimpson,* 79 Conn. 617, 623, 66 A. 166 (1907); *Hartford National Bank & Trust Co.* v. *Prince,* 28 Conn. Sup. 348, 351, 261 A.2d 287 (1968); *Beal* v. *Ross,* 11 Conn. Sup. 323, 326 (1942); 10 Am. Jur. 2d, Bastards §§ 10-13, 20; McCormick, Evidence (2d Ed. Cleary 1972) § 343, p. 810.

The resolution of this factual dispute falls within the province of the trial court. "The fact-finding function is vested in the trial court with its unique opportunity to view the evidence presented in a totality of circumstances, i.e., including its observations of the demeanor and conduct of the witnesses and parties, which is not fully reflected in the cold, printed record which is available to us. Appellate review of a factual finding, therefore, is limited both as a practical matter and as a matter of the fundamental difference between the role of the trial court and an appellate court. See *Styles* v. *Tyler,* 64 Conn. 432, 450, 30 A. 165 (1894)." *Kaplan* v. *Kaplan,* supra, 391. " 'Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262 [1972] . . . ." *Robertson* v. *Apuzzo,* 170 Conn. 367, 384, 365 A.2d 824, cert. denied, 429 U.S. 852, 97 S. Ct. 142, 50 L. Ed. 2d 126 (1976).

On the basis of the record before us, the evidence presented to the trial court,[3] and the plaintiff's heavy burden, the finding that the plaintiff is the father of the minor child cannot be said to be

---

[3] The plaintiff, who appeared pro se before us and in the trial court, challenges the trial court's refusal to allow him to examine the defendant's character. Because the crucial evidence in this case depended entirely upon the testimony of the parties, the character of both parties was in issue to the extent that it was relevant to their credibility. In particular, the plaintiff claims that he was not allowed to question the defendant about her four illegitimate pregnancies and about her dismissals from two jobs after money within her control disappeared. A review of the transcript reveals that the plaintiff attempted to ask the defendant about her four illegitimate pregnancies. This question was objected to as irrelevant, which objection was sustained. At this point the plaintiff appeared to drop his inquiry into the defendant's character because he moved on to another topic without asking about or otherwise mentioning his

"unsupported by the record, incorrect, or otherwise mistaken." *Kaplan* v. *Kaplan,* supra, 392. The finding, therefore, was not clearly erroneous.

There is no error.

In this opinion the other judges concurred.

desire to question the defendant about the jobs she had lost. Consequently, the issue of the propriety of the second question was never brought to the attention of or decided by the trial court.

The cross-examination of a witness, in the discretion of the trial court, may "extend to questions as to particular acts of misconduct, although those acts were themselves irrelevant to the issues in the case . . . if they showed a lack of veracity and not merely general bad character. *Shailer* v. *Bullock,* 78 Conn. 65, 69, 61 A. 65 [1905]." *Vogel* v. *Sylvester,* 148 Conn. 666, 675, 174 A.2d 122 (1961); see *Martyn* v. *Donlin,* 151 Conn. 402, 408, 198 A.2d 700 (1964). Thus, because evidence of illegitimate pregnancies does not "have a logical tendency to indicate a lack of veracity;" *Vogel* v. *Sylvester,* supra, 676; the objection to the plaintiff's question was properly sustained; however, the admission of evidence concerning the defendant's employment dismissals allegedly for theft or misappropriation of funds would have been in the court's discretion. Id. As previously noted, the second question was never asked or mentioned and, thus, the trial court never had the opportunity to exercise this discretion. Because of this we are precluded from reviewing the plaintiff's claim. Practice Book § 3063. We cannot find error in a trial court's failure to make a decision which it was never called upon to make.

Although as a general matter the rules of evidence and of the court are to be liberally applied to pro se litigants, we cannot go so far as to ignore entirely the requirement that a party's claims must first be presented to the trial court before they may be reviewed on appeal.