GERARD N. FREDA *v.* SANDRA L. FREDA

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 179954
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed April 19, 1984

*Krass & Peck,* for the plaintiff.
*Shirley M. Pripstein,* for the defendant.

F. HENNESSY, J. The defendant, mother of a minor child, has requested custody of and support for the child. The plaintiff objected to the defendant's motion claiming that he is not the father and requested that blood grouping tests be ordered.

The defendant during her marriage to the plaintiff gave birth to two children. The plaintiff filed for divorce, and the defendant appeared by counsel at the proceedings and offered no objection to the allegations of the complaint. The court, after hearing this uncontested action, found that the two children, including the child who is the subject of the present dispute, were issue of the marriage. Custody of the child in question was granted to the defendant and the plaintiff was ordered to pay support. The child later lived with the plaintiff at which time custody was changed and support terminated. The child recently left the plaintiff to reside with the defendant. The defendant now requests that custody be officially ordered to her and that the plaintiff once again pay support.

The plaintiff claims that he learned only recently that the child was not his. He requests blood grouping tests to prove he is not the father and an order that he not be obligated to pay support. Those requests are based upon the allegation of the plaintiff that the defendant wrongfully, fraudulently and with intent to deceive kept the true parentage of the child a secret from him.

The defendant claims that the plaintiff may not relitigate the issue of paternity in a custody or support hearing after either an explicit or an implicit finding on the matter in a prior divorce judgment. She further argues that blood testing is not available to the parties under § 46b-168 of the General Statutes because the issue of paternity is res judicata. The court is urged to estop collaterally the plaintiff from relitigating an issue actually litigated which was essential to the judgment in the prior action.

The application of collateral estoppel depends on whether the issue of paternity in the original divorce proceeding was actually litigated. An issue is not actually litigated if it is raised by a material allegation of a party's pleading but is admitted either expressly or by virtue of a failure to deny it in a responsive pleading nor is it actually litigated if it is the subject of a stipulation between the parties. 1 Restatement (Second), Judgments § 27, pp. 256–57.

Furthermore, "[i]t is a well-established general rule that even a judgment rendered by the court upon the consent of the parties, which is in the nature of a contract to which the court has given its approval, can subsequently be opened without the assent of the parties if it is shown that the stipulation, and hence the judgment, was obtained by fraud, in the actual absence of consent, or by mutual mistake." *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 131, 429 A.2d 837 (1980).

The finding of paternity in this case was the same as if the court had given its approval to an agreement submitted to the court. The litigation required for the application of collateral estoppel was not present and the court may open its judgment if it is shown that fraud in obtaining it was present.

"The question presented by a charge of fraud is whether a judgment that is fair on its face should be examined in its underpinnings concerning the very matters it purports to resolve. Such relief will only be granted if the unsuccessful party [alleging fraud] is not barred by any of the following restrictions: (1) There must have been no laches or unreasonable delay by the injured party after the fraud was discovered. (2) There must have been diligence in the original action, that is, diligence in trying to discover and expose the fraud. (3) There must be clear proof of the perjury or fraud.

(4) There must be a substantial likelihood that the result of the new trial will be different." *Varley* v. *Varley*, 180 Conn. 1, 3-4, 428 A.2d 317 (1980).

The facts alleged by the plaintiff appear to avoid any of the restrictions which would preclude the court from examining the judgment of paternity found a decade ago. The plaintiff claims that he only received information recently that he was not the father of the child and acted upon this information within a reasonable time. There is no claim to the contrary by the defendant.

The court is requested to order the parties to submit to blood grouping tests pursuant to § 46b-168 in order to help determine paternity. The court may permit these tests to take place if the facts warrant this intrusion into the lives of the parties.

It is presumed that a child born during lawful wedlock is the husband's child. *Grant* v. *Stimpson*, 79 Conn. 617, 623, 66 A. 166 (1907). This presumption can be overcome only by clear, convincing and satisfactory proof that the child is illegitimate. *Schaffer* v. *Schaffer*, 187 Conn. 224, 226, 445 A.2d 589 (1982); *Hartford National Bank & Trust Co.* v. *Prince*, 28 Conn. Sup. 348, 351, 261 A.2d 287 (1968); McCormick, Evidence p. 646.

A decision attributing paternity is no less weighty than one terminating parental rights. *Holland* v. *Holland*, 188 Conn. 354, 363, 449 A.2d 1010 (1982). This case presents a fact situation wherein the paternity of a thirteen year old child is being questioned. The significance of the decision is weighty indeed.

This matter involves a plaintiff who when faced with resuming support payments for his daughter "learns from an extremely reliable and extremely credible third party that the defendant and an adulterer conceived a minor child, the alleged issue of the marriage," who

learns that this information was revealed to the third party directly by the defendant and who states that the third party's identity will be revealed in camera if the court so orders.

If the court, after further hearing, concludes that the plaintiff has presented enough information to allow it to order blood grouping tests the court will do so in order to determine if, in fact, a fraud is present and whether the judgment of the court in the divorce action should be opened and modified.