[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision by a Family Support Magistrate filed December 27, 1992. On March 6, 1992 Jon M. Alander, Commissioner of the Department of Human Resources of the state of Connecticut, filed a petition with the magistrate pursuant to Connecticut General Statutes, 46b-162 asking the magistrate to establish the paternity of a child, Julio Figueroa, conceived on or about January 1991 and born to Maria Ramos on October 6, 1991.
On July 8, 1992, the magistrate conducted a hearing on the matter. The defendant, Julio Figueroa, appeared pro se and testified at the hearing. The mother, Maria Romos, also appeared pro se and testified. The state was represented by an assistant attorney general. The mother and the putative father both testified under oath that the child, Julio Figueroa, was conceived as a result of a union between them and urged the magistrate to find the defendant was the father. At the conclusion of the hearing the magistrate entered a judgment for the defendant.
The State of Connecticut appealed from this decision to the Judicial District of New Haven at Meriden, Connecticut. Upon receiving the file, the court appointed an attorney for the minor child. The defendant Julio Figueroa filed another pro se appearance and attended a short calendar hearing where he asked the court to overturn the magistrate's decision. In November of 1992 the child's attorney moved the court to order a transcript of the July 8, 1992 hearing and findings from the magistrate. Subsequently the state filed a memorandum which was adopted by the child's attorney asking the court to reverse the magistrate's decision because the finding of the magistrate was arbitrary or capricious or characterized by abuse of discretion and was clearly unwarranted by the evidence presented. CT Page 5664
The procedure governing appeals of this nature is defined in Chapter 816 of the General Statutes. Section 46b-231(n)(7) provides as follows:
 (7) The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The principal issue to be determined on appeal is whether the magistrate erred in refusing to find that the defendant was the father of the child despite the evidence from both the plaintiff and the defendant that the child had been born of their union at a time when plaintiff's husband had no access to her. If the error is determined to be a factual one, the court recognizes that fact finding is vested in the trier of fact [the magistrate] who is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. Birnbaum v. Ives, 163 Conn. 12, 21; Robertson v. Apuzzo, 170 Conn. 367, 384. The clearly erroneous standard of P.B. Sec. 4061 which is incorporated in the appeals statute is given further clarification in the appeals statute46b-231(n)(7) by the language "reliable, probative, and substantial evidence on the whole record."
Case law, Schaffer v. Schaffer, 187 Conn. 224, 226
(1982), provides that one who puts into issue the question of the paternity of a minor child has the burden of proof on that issue.
In the instant case the state and the plaintiff Maria Ramos assumed the burden of proving that the defendant was the father of the child. The plaintiffs introduced reliable, probative and substantial evidence of defendant's paternity. This evidence is apparent from language of the finding, i.e.; CT Page 5665
 (2) On October 6, 1991 plaintiff gave birth to Julio Figueroa;
(3) Plaintiff conceived the child in January 1991;
 (5) Plaintiff testified she last saw her husband on July 1, 1989 in Puerto Rico;
 (6) Plaintiff testified she has had no contact with her husband since July 1, 1989;
 (7) Plaintiff testified that the defendant was the father of her child;
 (10) The defendant admitted under oath that he was the father of the child Julio Figueroa born October 6, 1991 after first waiving his right to both a jury trial and a blood tissue test.
The transcript of testimony of the defendant Mr. Figueroa indicates that he was at the hospital when the child was born, T.T. II; that he signed the birth certificate, T.T. II; acknowledged the child as his, T.T. II; that he understood the penalties of perjury, T.T. 13; that he always maintained he was the father of the child, T.T. 13; that he helped out with prenatal expenses, T.T. 14; that he attended the christening of the child, T.T. 15; and obtained a baptismal certificate indicating he was the child's father.
The magistrate did not file a memorandum of decision. His finding reveals that he relied upon the presumption of legitimacy of a child born during wedlock. It is undisputed that Maria Ramos, the plaintiff, was married to a person other than the defendant when Julio Figueroa was conceived and when he was born. The magistrate found that the presumption of legitimacy could only be overcome by clear and convincing evidence, that the best evidence of paternity is blood tissue, citing Moore v. McNamara,201 Conn. 16 (1986); that the evidence introduced by the plaintiffs was and is not enough to overcome the presumption of legitimacy.
A child born during lawful wedlock is presumed to be the child of the husband, which presumption may be rebutted by clear, convincing and satisfactory proof that the child is illegitimate. CT Page 5666 Schaffer v. Schaffer, supra, 226. This presumption is one based on public policy, imposing on the party against whom they operate, in this case the proponent of illegitimacy is the mother, Maria Ramos, not only the burden to produce substantial countervailing evidence, but also the burden of proving facts that fairly put in issue the presumed fact. O'Dea v. Amodeo, 118 Conn. 58, 63. Holland v. Holland, 188 Conn. 354. If the trier does not believe such countervailing evidence, policy based presumptions continue to operate. If the trier believes such evidence, however, the presumption disappears, leaving the parties to prove their case under all the facts by the normal rules pertaining to burden of proof. Skut v. Boardman, 137 Conn. 675, 678; Holland v. Holland Id. 358 Tort LaPlante 2d Ed. Sec. 5.2.4.
The evidence offered to the magistrate in this case was not only substantial and probative but also consistent and reliable. Both the plaintiff and the putative father agreed the child resulted from their union. Both agreed that the husband of the mother had no access to the mother since July of 1989 and that the child was conceived in January 1991 at a time when the mother was having relations only with defendant. This evidence had a high gloss of reliability. The defendant accompanied the mother to the hospital, permitted his name to be placed on the birth certificate, contributed to prenatal expenses and proudly attended the christening, obtaining a baptismal certificate of verification of his parentage. The evidence of the putative father was so persuasive that the magistrate voluntarily remarked during the course of the proceedings before him, "I believe you." T.T. 16.
The testimony of the defendant corroborated the testimony of the plaintiff in every respect. If the magistrate believed the defendant he would be obliged to believe the plaintiff. Under these circumstances and state of facts it was improper for the magistrate to apply the presumption of legitimacy Holland v. Holland, 188 Conn. 354, 358. The rebuttal evidence offered by the parties was clear, convincing and satisfactory that the child in issue was the child of the parties and thus illegitimate Schaffer v. Schaffer, 187 Conn. 224, 226. This evidence not only rebutted the presumption of legitimacy but was completely adequate to sustain plaintiff's burden of proof.
The magistrate found, T.T. 13, that the best evidence of paternity is blood tissue sample test, citing Moore v. McNamara,201 Conn. 16. The court does not disagree but no rule of law suggests it is the only competent evidence. Certainly nothing in CT Page 5667 the so-called "Best Evidence Rule" pertains to blood tissue sample tests. Tort LaPlante 2d Ed. Section 10.7.
Since the magistrate's decision was clearly erroneous in view of the reliable probative and substantial evidence of the whole record, it is reversed. The case is remanded to the magistrate for further findings consistent with this decision.
Dorsey, J.