[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant father, by motion dated May 24, 1996, seeks to reopen this Court's judgment of October 28, 1993, in order to question his paternity of the parties' two minor children (born October 27, 1989 and July 5, 1991, and thus presently seven and six years of age, respectively). The Court, at the time it entered judgment, found that the minor children were the lawful issue of the marriage and ordered, inter alia, that (i) the Plaintiff mother have custody of the children subject to rights of visitation the Defendant, and (ii) the Defendant pay child support to the Plaintiff.[1] Simultaneous with the filing of his motion to reopen, the Defendant also filed a Motion for Genetic Testing wherein he seeks an order that the Plaintiff and minor children submit to blood testing.
The Defendant and Plaintiff thereafter entered into a stipulation permitting, inter alia, genetic testing of the children. When presented to the Court (Teller, J.), however, the stipulation was not acted upon; rather, the Court appointed counsel for the minor children (whose interests were directly affected by Defendant's pending motions). Counsel for the minor children has since moved the Court to dismiss both motions on the grounds that they were not timely filed.
The Court has heard the arguments of counsel and reviewed the CT Page 8420 memoranda of law on file as well as the Defendant's affidavit filed with the Court on May 19, 1997. Additionally, the Court file has been reviewed (and judicial notice thereof taken) for the purpose of ascertaining the procedural background of this matter. The Court grants the motion to dismiss for the reasons hereinafter set forth.
The Defendant seeks genetic testing pursuant to C.G.S. § 46b-168 (a). That statute provides for genetic testing in a "proceeding in which the question of paternity is in issue . . ." (Emphasis added.) The issue of paternity, however, was determined at the time judgment entered in 1993. The applicability of the statute therefore depends, as a threshold matter, upon the reopening of judgment such that the question of paternity is once again an issue. The Court finds no basis upon which to reopen the 1993 judgment. Connecticut General Statutes § 46b-172 (b) permits the reopening of a judgment of paternity within three years of its entry where the judgment was entered pursuant to an acknowledgment of paternity executed by the putative father and filed with the Court. That statute, however, is inapplicable where, as here, the judgment was entered in an action in which the Defendant then had an opportunity to have his day in court on the issue of paternity. Bleidner v. Searles, 19 Conn. App. 76 (1989), Perkinsv. Perkins, 3 Conn. App. 322 (1985). Nor can the Defendant obtain relief under Practice Book § 326 which permits the reopening of a judgment where a motion to do so is filed within four months of its rendition.[2] The Defendant's motions were filed approximately two and a half years subsequent to the entry of judgment.
The only remaining basis upon which the Defendant can rely in seeking to reopen the judgment is a claim that it was obtained by fraud. Kenworthy v. Kenworthy, 180 Conn. 129 (1980). A party seeking to reopen a judgment on the basis of a claim of fraud bears certain burdens. See Freda v. Freda, 39 Conn. Sup. 230
(1984). The moving party bears the burden of producing clear proof of the fraud. In this case, neither Defendant's motion nor his affidavit contain any allegation of fraud on the part of the Plaintiff. Only in his memorandum of law does the Defendant make any suggestion of fraud and then only in the equivocal statement that "If the genetic testing reveals that either of the children are [not] the biological child of the Defendant then, as in the Freda case, the Plaintiff essentially committed fraud by not disclosing this to the Defendant." (Emphasis added.) Defendant questions whether he is the father of the older child based solely on an estimate of the CT Page 8421 number of weeks of gestation preceding the child's birth. His claimed lack of access to the Plaintiff at the time of conception is wholly dependent of the validity of the estimate. Given the inherent uncertainty of the estimate, the Defendant falls short of meeting his burden of producing clear proof of the fraud. As regards the younger of the two children, the Defendant lacks even a shred of evidence, let alone clear proof, that he is not the father. He states, both in his motion to reopen as well as his memorandum of law, that, in view of his concerns regarding the paternity of the first child, "he also questions whether or not the second child is his." Defendant's speculation is no substitute for the clear proof of fraud which he must show in order to prevail on his motion to reopen judgment. Moreover, Defendant also bears the burden of demonstrating the absence of laches or unreasonable delay after discovery of the "fraud". A review of the information submitted by the Defendant in support of his motion to reopen involves information which, for the most part, he knew prior to the entry of judgment. The two documents attached to the Defendant's motion to reopen as Exhibits A and B include (i) a military record indicating the Defendant's duty station in early 1989 and (ii) a medical record purportedly showing a pregnancy of forty-three weeks prior to the older child's birth. At all relevant times, including the Plaintiff's pregnancy, the child's birth and the entry of judgment, the Defendant must have known where he had been stationed in early 1989. As to the medical record, purporting to show a prolonged pregnancy, the Defendant's affidavit filed on May 19, 1997, discloses his recollection that, at the time the older child was born, the doctor stated that "it looked like she was late". Affidavit, ¶ 3. This is consistent with the fact that labor was induced (as indicated in the medical record attached as Exhibit A). Notwithstanding this knowledge, the Defendant took no action prior to the entry of judgment to address any concerns he may have had regarding the issue of paternity. His failure to address the issue until now, more that two and a half years after the entry of judgment, constitutes unreasonable delay.
Even if the question of paternity was presently in issue, the Court would not order genetic testing in this case. In Connecticut there is "a presumption that a child born during lawful wedlock is the husband's child, which presumption may be rebutted only by clear, convincing and satisfactory proof that the child is illegitimate." Schaffer v. Schaffer, 187 Conn. 224
(1982). The decision to order genetic testing pursuant to C.G.S. § 46b-168 (a) is a matter entrusted to the Court's discretion. CT Page 8422In re Donna M., 33 Conn. App. 632 (1994). In this case, the Defendant's actions during the pendency of the proceedings militate against the entry of such an order. At the time the underlying action was commenced, the children were three and one and a half years of age, respectively. The Defendant admitted that portion of Plaintiff's complaint alleging that the children were issue of the marriage; indeed, he affirmatively alleged them to be issue of the marriage. Answer and Counterclaim dated January 8, 1993. Prior to the return date, the Defendant affirmatively sought custody of and support for the children. Motion for Custody and Support of Minor Children, Pendente Lite, dated January 8, 1993. On January 25, 1993, pursuant to an agreement of the parties, the Defendant was accorded visitation rights with the children and the Plaintiff was ordered to confer with the Defendant regarding child care decisions. By motion dated January 8, 1993, the Defendant further sought the appointment of counsel for the children. By motion dated February 9, 1993, the Defendant sought a referral of the matter to Family Relations. In Judson v.Judson, 15 Conn. L. Rptr. No. 6 1991 (November 13, 1995), the Court (Gill, J.) found considerably less compelling actions on the part of the putative father to be persuasive in denying genetic testing in a case which had not yet gone to judgment. The substantially greater conduct of the Defendant in this case, coupled with the belated request which he now makes several years following the entry of judgment, weighs strongly against permitting the genetic testing which he now seeks.
For all of the reasons set forth above, the motion to dismiss Defendant's motions is granted.
SOLOMON, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN REMOVED DUE TO BEING A SEALED FILE.] CT Page 8428