[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REARGUE, POSTJUDGMENT
The plaintiff has moved this court for the opportunity to reargue her Motion To Hold Defendant Financially. Responsible ForThe Tax Consequence of His Fraudulent Conduct By Embezzlement ofPlaintiff's Funds. Post Judgment filed on May 6, 1998.
Even though there is no such recognized motion, the court entertained oral argument regarding that motion, treating it as a motion to open and modify the judgment of dissolution which had been entered in this case as an uncontested matter back on March 17, 1998.
The court thereafter rendered a memorandum of decision CT Page 2431 regarding the motion on September 4, 1998, denying the relief sought by the plaintiff and articulating the reasons for its decision.
The Motion To Hold Defendant Financially Responsible had been designated by the plaintiff "oral argument requested/testimony not required."
Argument was heard and no testimony was offered by either party.
Only after the rendition of the court's decision on that motion did the plaintiff seek reargument by was of the instant motion. This motion was designated "oral argument requested/testimony may be required."
The plaintiff simultaneously appealed that decision to the Appellate Court and that appeal is currently pending
The sole basis for the plaintiff's Motion To Reargue is her claim that case law in Connecticut and elsewhere requires that judgments based in whole or part on fraud can be opened at any time. See Kenworthy vs. Kenworthy, 180 Conn. 129 (1980) and Fredavs. Freda, 39 Conn. Sup. 230 (1984).
The movant is allowed to present evidence in order for the court to determine if, in fact, a fraud is present and whether the judgment of the court in the divorce action should be opened and modified. Freda, supra, p. 234. The plaintiff in this casehad that opportunity when the court heard her motion which, in its very caption, alleged fraudulent conduct by the defendant. The allegation that fraud contributed to an inequitable result at the time of dissolution has been argued to this court. The plaintiff determined at that time that "testimony [was] not required" and none was offered in order to enable the court to determine if fraud was present. The court found that fraud was not proven and that, absent fraud, the stipulated dissolution judgment of the parties was not to be opened or modified.
The plaintiff has pursued her right to have that decision reviewed by the Appellate Court.
For the reasons stated above, the plaintiff's Motion To Reargue, Postjudgment is denied. CT Page 2432
By The Court,
Joseph W. Doherty Judge