[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on defendant's Motion to Strike.
The plaintiff in this action is the stepmother of the two minor children over whom defendant has joint custody with his first wife.
In this dissolution of marriage proceeding the plaintiff stepmother has filed a motion for custody of the minor children, which has spawned the defendant's motion to dismiss which the court now addresses.
The defendant claims that there is no statutory authority which allows the plaintiff to seek custody. He cites as his authority the cases of Morrow v. Morrow, 165 Conn. 665 (1974) andLaBella v. LaBella, 134 Conn. 312 (1946). CT Page 9601
Clearly, Morrow is inapplicable. The court applied Iowa law and in concluding (at pg. 670), ". . . Donna Morrow is not the legitimate child of the plaintiff and the court lacked jurisdiction to award custody to the plaintiff."
The plaintiff relies upon the language of Connecticut General Statutes § 46b-57.
There is no question that this court cannot assume jurisdiction as to this issue unless the biological mother was cited. For the record, this court will note, that the biological mother has filed an appearance.
Connecticut General Statutes § 46b-57 allows third parties to request custody orders only in those circumstances where the issue is already before the court.
The defendant in these proceedings accorded the plaintiff all of the rights and responsibilities of motherhood over his children. As such, he is the architect of that relationship.
Courts in other jurisdictions have recognized the theory of equitable paternity applying similar criteria in the estoppel theory to make an affirmative finding that a nonbiologically related person could be considered a child's parent. See Atkinsonv. Atkinson, 408 N.W.2d 516, 519 (Mich.Ct.App. 1987). Accordingly, this court finds that not only on a statutory basis, but also on a theory of equitable estoppel, defendant's arguments are nonavailing.
The court finds that plaintiff has standing to seek an order of custody.
The motion to strike is denied.
Mihalakos, J.